A. B. SLATER ET AL. V. JAMES SKIRVING ET AL.

FILED JUNE 21, 1895. NO. 5970.

1. **Judgments:** PROCEDURE TO VACATE: LACHES. After the close of the term in which a judgment was rendered against him, a judgment defendant filed a petition in equity to vacate the same on the ground that it was irregularly obtained. The irregularity complained of was that the clerk of the court omitted to journalize the judgment immediately upon its rendition. It appears from the evidence that the failure of the judgment defendant to file a motion to set aside the judgment rendered against him during the term at which it was rendered was not caused by the failure of the clerk to journalize the judgment when rendered, but resulted from the laches of the judgment defendant's counsel. *Held.* That he could not be permitted to deny the correctness of the judgment or to renew the controversy.

2. **Judgment Entry.** Whether the neglect or failure of the clerk of a district court to journalize a judgment immediately upon its rendition is an irregularity within the meaning of subdivision 3 of section 602 of the Code of Civil Procedure, not decided.

ERROR from the district court of Holt county. Tried below before KINKAID, J.

*H. C. Brome* and *H. M. Uttley*, for plaintiffs in error.

*M. F. Harrington, contra.*

RAGAN, C.

On the 4th day of November, 1891, James Skirving brought a suit at law in the district court of Holt county against the copartnership of Slater, Savage & Kelly and one D. Kemp. A summons was issued and duly served on Kemp in Holt county, and within the time fixed by said summons Kemp appeared and filed his answer. A summons was also issued for Slater, Savage & Kelly, directed to the sheriff of Douglas county for service, and

was duly returned served on them. The February, 1892, term of said district court convened early in that month and adjourned without day on the 22d of the following September. On the 18th of February, 1892, the attorney of Slater, Savage & Kelly procured the summons served on them in Douglas county to be quashed on account of some informality therein, and on the same day Skirving's counsel, by leave of court, so amended his petition as to make Slater, Savage & Kelly, individually, parties defendant to the suit. On the 29th of February a summons was issued for said parties directed to the sheriff of Douglas county and duly served on them on the 1st and 2d days of March. The answer days for these parties as fixed by the summons was April 4. Slater, Savage & Kelly forwarded the copy of the summons served on them to their attorney at O'Neill with instructions to look after their interests. The attorney received this summons on the 10th of March. He did not appear in the case in any manner, nor file any pleadings therein, and on the 31st day of May, 1892, the court entered the default of Slater, Savage &. Kelly, heard the evidence, and rendered a judgment against them for the amount prayed for by Skirving in his petition. At this same term of court, but prior to that time, the case had been continued as to the defendant Kemp. After the adjournment of this February term Slater, Savage & Kelly filed a motion to vacate the judgment, which was by the court overruled, and on the 8th of October, 1892, Slater, Savage & Kelly filed a petition in equity in said court against said Skirving to vacate said judgment. The court, after hearing the evidence, entered a decree dismissing the petition. Slater, Savage & Kelly bring this ruling of the court here for review.

We shall assume for the purposes of this case that the answer tendered by Slater and others to the court at the time they filed their petition in equity to vacate the judgment, stated a meritorious defense to the suit of Skirving,

and that the proofs offered by Slater and others supported the allegations of said answer, and confine ourselves solely to the question as to whether the district court erred in holding that Slater and others had failed to show any equitable or legal reasons why said judgment should be vacated, aside from the fact that they had a meritorious defense to the action in which the judgment was rendered.

In their petition in equity to vacate the judgment Slater and others alleged the following grounds therefor:

1. That the judgment was irregularly obtained. This is one of the grounds provided by the third subdivision of section 602 of the Code of Civil Procedure, authorizing district courts to vacate their judgments after the term at which they were rendered. The evidence in the record does not sustain this averment of the petition. The judgment sought to be vacated was rendered in open court on one of the days of the regular February, 1892, term thereof; but it is argued that the clerk of the court omitted to journalize this judgment at the time it was rendered, or within a reasonable time thereafter, and that Slater and others were thereby prevented from filing a motion to set aside such judgment and default during the February term. It appears from the evidence in the record that the judgment was not journalized on the day it was rendered, nor for considerable time afterwards, but the evidence does not show that Slater and others were prevented by that fact from filing their motion to set aside such judgment and default during the February term. The attorney of Slater and others had already appeared in this case as early as the 18th of February. He had received the summons on the 10th of March, which showed on its face that his clients were required to answer the petition of Skirving by the 4th of April. He made no appearance whatever in the case before the judgment was rendered. He had no consultation, conversation, or agreement with counsel for Skirving for a continuance of the case over the term. He was present in court during

a part of the February term, and just prior to the time the judgment was rendered he absented himself from the court and the county without making any arrangement with the court or opposing counsel as to any disposition of this case, or leaving it in charge of any other counsel. He says, however, that on two different days between the 20th of May and the 30th of June he went to the court house and examined the judgment record, journal entries, and general index, and at these times there was nothing upon any of those records showing that his clients had been defaulted and judgment rendered against them. If counsel had looked at the trial docket he would have seen the minutes made by the trial judge on the 31st of May, 1892, and this would have advised him at the time he visited the court house that his clients had been defaulted and judgment rendered against them, and he would have had ample time from the 1st day of June to the 22d of September, when the court adjourned without day, to have filed his motion to set aside said default and judgment. It appears, then, that the failure of Slater and others to file their motion to set aside the judgment rendered against them during the term at which it was rendered was not caused by the failure of the clerk of the district court to journalize the judgment when rendered, but resulted from the laches of their counsel, and they cannot now be permitted to deny the correctness of the judgment rendered or to renew the controversy.

2. Another reason alleged in the petition for setting the judgment aside is that the petition of Skirving does not state facts sufficient to constitute a cause of action against Slater and others. It would subserve no useful purpose to quote this petition or any part of it. It must suffice to say that in our opinion the petition stated a good cause of action.

3. A third reason assigned in the petition for setting aside the judgment is that Kemp was made a party defendant with Slater and others to Skirving's action for the sole

purpose of procuring service upon Slater and others and compelling them to come to Holt county for the trial of the case, and with no intention on the part of Skirving to prosecute his action to a judgment against Kemp. If these facts were made to appear, we have no doubt that they would themselves be sufficient to authorize a court of equity to set aside this judgment, as they would amount to a fraud upon Slater and others and the court; but no such facts appear, and in the answer tendered by Slater and others to the court at the time of the filing of this petition no such defense is interposed. The decree of the district court is

AFFIRMED.