ARTHUR T. GALLAWAY ET AL., APPELLANTS, V. ROCHESTER LOAN AND BANKING COMPANY ET AL., APPELLEES.

FILED OCTOBER 19, 1905.   No. 13,940.

Judgment: RECORDING. Delay in entering on the records of the district court a judgment pronounced in open court will not invalidate the judgment in the absence of a fraud perpetrated by such delay.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE. Affirmed.

W. V. Allen, E. D. Kilbourn and Powers & Hays, for appellants.

M. F. Harrington, N. D. Jackson and S. D. Thornton, contra.

OLDHAM, C.

This is an action by the plaintiffs, who were the former owners of a number of tracts of real estate in Antelope county, to expunge a journal entry confirming the sale of these lands in a foreclosure proceeding in the district court for Antelope county, and for permission to redeem

from the mortgage. The defendants are the purchasers at the mortgage sale and their vendees. There was a trial of the issues to the court and judgment in favor of the defendants. To reverse this judgment, plaintiffs have appealed to this court.

From an unnecessarily voluminous record we have gleaned the following abridged statement of the facts and issues involved in the controversy: On and prior to the first day of August, 1896, the plaintiffs in this cause of action were the owners in fee of the lands in controversy and other lands in Antelope county, all of which were subject to a first mortgage to Henry L. Pratt. The lands in controversy were also subject to a second mortgage to the Rochester Loan and Banking Company. On the date above mentioned, Henry L. Pratt, as plaintiff, brought an action in the district court for Antelope county to foreclose his mortgage on the lands now in controversy and the other lands, and the Rochester Loan and Banking Company and the plaintiffs herein were made parties defendant to that cause of action. The plaintiffs appeared and answered, claiming to be the owners of the lands. The Rochester Loan and Banking Company appeared and filed a cross-petition on its second mortgage. On the 20th of November, 1896, a decree was entered in favor of the plaintiff, Henry L. Pratt, for the sum of $14,400, and ordering a sale of the property. On the 4th day of October, 1897, the property involved in this controversy was purchased at the sheriff's sale under the Pratt decree by the Rochester Loan and Banking Company for the sum of $8,800. The plaintiffs herein objected to the sale, but their objections were overruled and the sale was confirmed, as appears from the records of the court, on the 11th day of November, 1897. An appeal was taken from this order of confirmation to the supreme court and was docketed for hearing, and the order of confirmation of the district court was affirmed in this court on the 5th day of October, 1898, under the following stipulation: "Whereas an order of confirmation was entered in the district court for Ante-

lope county, Nebraska, in the above entitled cause, confirming the sale of the following described real estate, to wit: (Here follows a description of the lands.) And whereas the defendants, William C. Gallaway, Mary R. Gallaway, Arthur T. Gallaway and Emmett E. Gallaway, appealed from said order of confirmation to the supreme court of Nebraska, where such appeal is now pending. And whereas said appellants, William C. Gallaway, Mary R. Gallaway, Arthur T. Gallaway and Emmett E. Gallaway, do not wish to prosecute said appeal. Now, therefore, said appellants hereby consent and request that a final order be entered in this case affirming the judgment and decree of the district court for the said Antelope county, Nebraska, and directing the present sheriff of Antelope county, Nebraska, to execute to the purchaser of the aforesaid real estate deeds for the same and an order of distribution.    Arthur T. Gallaway, Emmett E. Gallaway, William C. Gallaway, Mary R. Gallaway, by E. D. Kilbourn, their Att'y."

Under this stipulation the decree was affirmed in this court, and a mandate was returned to the clerk of the district court for Antelope county and entered upon the records of said court. After this mandate was issued, the sheriff executed a deed to the lands in dispute to the Rochester Loan and Banking Company and distributed the purchase price as directed in the decree of confirmation. A portion of these lands was subsequently conveyed by the Rochester Loan and Banking Company to defendant Gilman for the sum of $11,000, who, relying on his record title, erected improvements thereon in the sum of about $30,000, prior to the institution of this suit.

The reason urged by the plaintiffs for expunging the journal entry showing the confirmation of the sale by the district court is that the decree confirming the sale was, in fact, entered by the judge of said court after the 11th day of November, 1897, and outside of Antelope county. The evidence relied upon to sustain this contention is a showing that, when the objections to the confirmation of

the sale filed by the present plaintiffs had been overruled, it was discovered that the defendant Rochester Loan and Banking Company had given the sheriff of Antelope county an uncertified check on a foreign bank to cover its bid, and that as there was some doubt as whether the check would be honored or not, it was agreed by all the parties that the decree should not be formally entered until the sheriff had time to collect his money on the check. It is fair to say this was talked of among the attorneys representing the different parties to the action, and that there was an understanding among them that unless the check proved genuine the sale might be set aside to protect the sheriff. The check, however, proved to be genuine, and the sheriff received the money on the bid. A decree was accordingly prepared by counsel for Pratt, the Rochester Loan and Banking Company, and the defendants Gallaway, who are the present plaintiffs. This decree was sent to the district judge, who had gone to a neighboring county during a recess of the court, and was there signed by him and returned to be formally entered of record at the adjourned sitting of the Antelope county district court on December 2, 1897. The decree was entered of the date November 11, 1897, and it gave the defendants, who are the present plaintiffs, 40 days from the final adjournment of the court to prepare and settle a bill of exceptions, and 20 days to file a supersedeas bond. As before stated, the present plaintiffs availed themselves of the leave given in this decree, filed a supersedeas bond within 20 days of the final adjournment of the court, and perfected an appeal from the order of confirmation, which was subsequently affirmed under the stipulation before set out. In the supersedeas bond executed by them in this appeal they recited that a decree of foreclosure of the premises had been entered in the district court on the 11th day of November, 1897. It appeared from the positive testimony of Judge Robertson, who represented Mr. Pratt, and of Judge Jackson and Mr. S. D. Thornton, who represented the Rochester Loan and Banking Company, all of

whom were present when the decree was entered, that the trial judge announced in open court his unequivocal decree confirming the sale when the objections to the confirmation were overruled. The trial court in the instant case found such to be the fact, and we think that such finding is sustained by a clear preponderance of the evidence.

It is well settled in this jurisdiction that mere delay in extending the journal entry of a judgment on the records of the court in which it is entered does not affect the validity of the judgment, when no fraud is perpetrated upon the parties to the judgment or their privies by reason of such delay. *Slater v. Skirving*, 45 Neb. 594. In the case at bar there was no unreasonable delay in entering the judgment of record. It was done before the final adjournment of the term, and the present plaintiffs had all their rights protected in such judgment, so that they might have directly attacked it for any irregularity in their appeal to this court. Instead of doing so they stipulated here to have the judgment of the district court affirmed, and to direct the issuance of the sheriff's deed. This stipulation was entered into with plaintiff Pratt in the foreclosure proceedings in part consideration for his permitting the Gallaways to redeem certain other lands covered by his mortgage. Having aided in procuring a confirmation of the sale on which the present defendants' rights depend, they cannot, either in equity or in conscience, as against those claiming under such judgment, now be heard to say that the judgment is void.

We therefore recommend that the judgment of the district court be affirmed.

LETTON and AMES, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.